DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Criminal, Division Chief

ANDREW M. SCOBLE (CABN 124940)
RAVI T. NARAYAN (IABN AT0011948)
Assistant United States Attorneys

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7249/7369
      Fax: (415) 436-7234
      Email:  andrew.scoble@usdoj.gov
      Email:  ravi.narayan@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.:  CR 18-0119 RS |
| Plaintiff, | |
| v. | STIPULATION AND ORDER CONTINUING MOTION AND STATUS HEARING AND ADJUSTING BRIEFING SCHEDULE |
| JONATHAN AGUILAR, et al. | |
| Defendants. | |

IT IS HEREBY STIPULATED that,

For the reasons set forth below, the parties request: (1) a continuance of the briefing schedule for Round 2 motions; (2) a continuance of the current hearing date for Round 2 motions and the next status conference, from July 28, 2020 to September 29, 2020; and (3) an exclusion of time under the Speedy Trial Act from July 28, 2020 (the date though which Speedy Trial Act exclusions have currently been ordered) through September 29, 2020.

On March 9, 2020, and April 17, 2020, various defendants filed motions for discovery related to the Round 1 motions schedule.  (Dkt. 251-253, 264-267).  On May 22, 2020, the government filed responses to those motions.  (Dkt. 280, 281).  Various defendants have since filed replies and joinders to

ORDER [CR 18-0119 RS]                        1

1    those replies.  (Dkt. 285-288).  These motions are fully briefed and were previously set for hearing

2    before the Honorable Joseph C. Spero on June 22, 2020.  (Dkt. 276).  However, pursuant to General

3    Orders 72-3, 73, and subsequent direction from the Court, in-person court appearances are currently

4    limited to ten or fewer individuals in the courtroom.  Here, as many as eight defendants wish to be

5    personally present for pretrial motions hearings.  Accordingly, the parties submitted a stipulation and

6    proposed order to Judge Spero moving the hearing date for Round 1 motions to July 28, 2020.  (Dkt.

7    293).  On June 8, 2020, Judge Spero granted the request.  (Dkt. 294).

8         The parties now request that this Court continue the Round 2 motions schedule so that briefing

9    falls due after the date of the Round 1 motions hearing.  The parties are currently scheduled to brief

10   Round 2 motions in June and July, with a motion hearing and status date before this Court on July 28,

11   2020.  The parties now respectfully request to continue the briefing and hearing schedule to August and

12   September, to be heard on September 29, 2020.  The parties also seek a corresponding Speedy Trial Act

13   exclusion through September 29, 2020.  The grounds for the requested continuance and exclusion are as

14   follows.

15        The parties continue to meet and confer informally by telephone on various discovery issues, in

16   an effort to explore resolutions without calling on the Court's intervention.  For instance, pursuant to a

17   request in late 2019 by defense counsel, the government has been gathering and producing on a rolling

18   basis various law enforcement reports and materials for alleged 19th Street and 16th Street gang

19   members.  Moreover, after informal consultation with various defense counsel, the government has

20   started gathering materials related to follow-up requests made by the defense, based in part on reports

21   previously produced in discovery and in part on anticipated expert witness testimony.

22        On June 1, 2020, the government provided preliminary notice of expert witnesses, as well as a

23   response for notice of *Bruton* materials.  The government is preparing a supplemental production of

24   more than 600 pages of materials that will bear on anticipated expert witness testimony (including

25   Firearms and Toolmarks and fingerprint identification).  Further, the government is in the process of

26   gathering and preparing for discovery production similar materials pertaining to autopsies of deceased

27   victims and medical treatment of surviving victims, in connection with the various incidents charged in

28   the pending indictment.

1    The government has also assembled a follow-up request to SFPD to obtain the complete case

2    files for a number of incidents implicated by the charges in the indictment as well as other alleged

3    crimes that may become relevant in the presentation of enterprise evidence (i.e., a broader group of

4    incidents than those directly charged in the indictment).  Such discovery will be implicated by Rule

5    404(b) and "enterprise proof" notice, but the government is trying to assemble and produce such

6    materials as early as possible in this case.  Unfortunately, the pandemic and shelter-in-place protocols

7    have hindered the government from obtaining the case files, many of which will apparently require

8    access to closed file storage.  In short, the parties are making a good-faith effort to keep the case moving

9    forward, while trying to resolve as many pretrial issues informally as they can, in order to narrow and

10   refine the list of issues that they feel must be heard and determined by the Court.

11   Based on the above, the parties believe it is appropriate to continue the second round briefing

12   schedule to the following dates:

13   Defense Filing Date:  August 25, 2020

14   Government Oppositions:  September 15, 2020

15   Defense Replies: September 22, 2020

16   Motion Hearing Date:  September 29, 2020, at 10:00 a.m.

17   The parties also agree that, in light of the above, the ends of justice served by granting a

18   continuance through and including September 29, 2020, outweigh the best interest of the public and the

19   defendants in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).  The parties also agree

20   that this case is so complex, due to the number of defendants and the nature of the prosecution, that it is

21   unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the

22   otherwise-applicable time limits, within the meaning of 18 U.S.C. § 3161(h)7)(B)(ii).

23   //

24   //

25   //

26   //

27   //

28   //

ORDER [CR 18-0119 RS]                    3

1        The parties further agree that failure to grant the continuance would unreasonably deny defense

2   counsel the reasonable time necessary for effective preparation, taking into account the exercise of due

3   diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

4   Dated:  June 9, 2020                                       DAVID L. ANDERSON
                                                               United States Attorney
5

6                                                    By:          /s/
                                                               ANDREW M. SCOBLE
7                                                              RAVI T. NARAYAN
                                                               Assistant United States Attorneys
8

9   Dated:  June 9, 2020                                          /s/
                                                               MARTHA BOERSCH
10                                                             Counsel for Jonathan Aguilar

11  Dated:  June 9, 2020                                          /s/
                                                               BRIAN H. GETZ
12                                                             Counsel for Luis Cid-Salinas

13  Dated:  June 9, 2020                                          /s/
                                                               JULIA MEZHINSKY JAYNE
14                                                             Counsel for Juan Carlos Gallardo

15  Dated:  June 9, 2020                                          /s/
                                                               HARRIS BRUCE TABACK
16                                                             Counsel for Orlando Carlos Hernandez

17  Dated:  June 9, 2020                                          /s/
                                                               MARK GOLDROSEN
18                                                             PAM HERZIG
                                                               DONALD KNIGHT
19                                                             AMY P. KNIGHT
                                                               Counsel for Michael Rebolledo
20

21  Dated:  June 9, 2020                                          /s/
                                                               GEORGE C. BOISSEAU
22                                                             Counsel for Mario Reyes

23  Dated:  June 9, 2020                                          /s/
                                                               SHAFFY MOEEL
24                                                             JAMES S. THOMSON
                                                               Counsel for Eddy Urbina
25

26  Dated:  June 9, 2020                                          /s/
                                                               ETHAN A. BALOGH
27                                                             Counsel for Weston Venegas

28
    ORDER [CR 18-0119                          4
    RS]

ORDER

THE COURT ORDERS THAT the previous briefing schedule for the second round of motions is continued as follows:

Defense Filing Date:  August 25, 2020

Government Oppositions:  September 15, 2020

Defense Replies: September 22, 2020

Motion Hearing Date:  September 29, 2020, at 10:00 a.m.

THE COURT ORDERS THAT a status hearing is also set for September 29, 2020, at 10:00 a.m.

THE COURT FINDS THAT the ends of justice served by granting a continuance from July 28, 2020, through and including September 29, 2020, outweigh the best interest of the public and the defendants in a speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THE COURT FURTHER FINDS THAT this case is so complex, due to the number of defendants and the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the otherwise-applicable time limits, within the meaning of 18 U.S.C. § 3161(h)7)(B)(ii).

THE COURT FURTHER FINDS THAT, to allow time for the parties to address ongoing discovery issues which, in turn, will affect pretrial motions, failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, THE COURT ORDERS THAT, the period from July 28, 2020 through and including September 29, 2020 (the date of the next hearing in this case) is excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (B)(iv).

IT IS SO ORDERED.

DATED: June 9, 2020

_____
HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE