# BOERSCH & ILLOVSKY LLP

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

o: 415.217.3700
m: 510.759.3848

martha@boersch-illovsky.com
boersch-illovsky.com

July 14, 2021

**VIA ECF**

Honorable Joseph C. Spero, Chief United States Magistrate Judge
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

      Re:  *United States v. Aguilar et al.*, Case No. CR 18-0119 RS (JCS)

Dear Honorable Judge Spero:

In response to the Court's order in the above-captioned matter, defendants submit this letter-brief to providing an update of outstanding discovery issues.

The defendants have filed (and joined each other in) a number of discovery motions requesting a variety of specific information regarding the allegations in the indictment. While those motions requested many specific items related to each incident, they are generally described as follows:

- Defendant Rebolledo *et al.*, motion for disclosure of grand jury instructions, dates, testimony.  ECF No. 252.
- Defendant Rebolledo *et al.*, motion for disclosure of grand jury selection and composition records.  ECF No. 253.
- Defendant Rebolledo *et al.*, motion for discovery of specific items pertaining to individual allegations.  ECF No. 251.
- Defendant Rebolledo Supplement to ECF No. 251 for discovery pertaining to specific incidents (ECF Nos.  279), as follows:
    - Discovery pertaining to the March 14, 2006, homicides, including identities and locations of eyewitnesses.
    - Discovery pertaining to the March 24, 2006, homicide, including identities and locations of eyewitnesses.
    - Discovery pertaining to the August 5, 2006, search of 7 Alberta St. and seizure of Ruger and Steyr firearms, and identity and location of original purchasers.
    - Discovery pertaining to the March 7, 2007, attempted murder, including identities and locations of alleged victim and eyewitnesses.

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 2

- o   Discovery pertaining to the September 29, 2007, attempted murder, including identities and locations of alleged victim and eyewitnesses.
- o   Discovery pertaining to the November 7, 2010, attempted murder, including identities and locations of alleged victim and eyewitnesses.
- o   Discovery pertaining to the February 27, 2011, attempted murder, including identities and locations of alleged victim and eyewitnesses, and subscriber information for seized phones.
- o   Discovery pertaining to the January 14, 2012, shooting, including identities and locations of eyewitnesses.
- Defendant Aguilar *et al.*, motion for discovery pertaining to the March 14, 2006, and September 29, 2007, incidents, including identities and locations of eyewitnesses and alleged victim[s].  ECF No. 264.
- Defendant Gallardo motion for discovery pertaining to the February 28, 2009, incident, including identities and locations of eyewitnesses and alleged victim.  ECF No. 265.
- Defendant Hernandez motion for discovery pertaining to the March 30, 2013, homicide, including the identities and locations of eyewitnesses.  ECF No. 266.
- Defendant Venegas's motion for discovery pertaining to March 30, 2013, homicide.  ECF No. 365.
- Defendant Urbina's motion for discovery regarding an alleged September 4, 2008 shooting.  ECF No. 267.
- Various joinders by all defendants.  *E.g.*, ECF Nos. 264, 265, 266, 267, 269, 288, 291, 295.

The government did not oppose most of the grand jury requests, ECF No. 281, did not directly dispute all of the specific evidentiary requests, ECF No. 280, and offered to produce the civilian witness information six months before trial and the cooperating defendant information one month before trial.

The following discovery issues remain unresolved:

## I.   Grand Jury Materials

The defense filed two motions seeking the discovery of grand jury materials - Motion for Disclosure of Grand Jury Sessions, Schedule Instructions, and Materials Pursuant to Federal Rule of Criminal Procedure 6(e)(1)(E)(i) and (iii) (ECF No. 252) and Motion for Order for Inspection and Copying of Jury Records Pertinent to the Indicting Grand Jury Pursuant to General Order No. 6 (ECF No. 253).  The government does not oppose the Court issuing an order to the Clerk of the Court requiring the release of most of the items requested by the defense.  The issues that have not been resolved are the following:

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 3

### A. ECF No. 252

#### 1. Case-Specific Legal Instructions

A transcript of the legal instructions given to the grand jury should be provided to the defense, ECF No. 252, Request 2, a request the government opposes. Those legal instructions will not reveal the identities of witnesses or jurors, the substance of witness testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors. In addition, a particularized need for these instructions exists because there is uncertainty as to the elements of the crimes for which the defendants were indicted and it appears likely that the grand jury was not correctly instructed.

This issue has additional importance to defendants Venegas and Hernandez, who were previously prosecuted for related RICO charges, and for whom the Government made promises regarding its inability to prosecute them further for RICO and RICO-related offenses. *See e.g.*, *United States v. Alvarez*, 14 Cr. 120 EMC, ECF 415 (M.O. re entry of pleas), ECF 409 (Venegas Plea Agreement) at ¶16 ("The government agrees not to prosecute the defendant any further for the following offenses: (1) racketeering conspiracy, as charged in Count One of the Superseding Indictment; (2) conspiracy to commit murder in aid of racketeering activity, as charged in Count Two of the Superseding Indictment; (3) conspiracy to commit assault with a dangerous weapon in aid of racketeering activity, as charged in Count Three of the Superseding Indictment; and (4) using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, as charged in Count Four of the Superseding Indictment. Neither the defendant's guilty plea nor any provision of this Agreement, however, precludes the government from investigating and prosecuting the defendant for any other crimes, including specifically any murder not currently charged in the Superseding Indictment. The government agrees to move to dismiss Count Two of the Superseding Indictment at sentencing.")

The defense compromise position is that the transcripts be released with a protective order or, alternatively, that this Court review the transcripts *in camera* to determine what portion of the transcripts should be released to the defense.

Government Response:

*Unresolved Issue:*
The defense seeks a transcript of all case-specific instructions given by prosecutors to the grand jurors. The government opposes this request.

*Government Position:*
The defense request seeks discovery of substantive aspects of the proceeding before the grand jury. ECF No. 281 (Government's Consolidate Response an Opposition to Defendant Rebolledo's Motions for Disclosure Regarding the Grand Jury), at 17-19.

Defendants fail to establish particularized need to set aside the rule of grand jury secrecy which attaches to "anything which may reveal what occurred before the grand jury." *Standley v. Department of Justice*, 835 F.2d 216, 218 (9th Cir. 1987).  At best, they offer a conclusory claim that there is uncertainty as to the elements of the crimes for which they were indicted, and infer that there must have been prosecutorial misconduct.  The Seventh Circuit and various district courts – including this one – have rejected similar requests.  Prosecutors' case-specific legal instructions go to the substance of the charge before the grand jury, as well as to how the grand jury is to hear and evaluate the evidence it hears.  Unlike the district court's instructions to grand jurors, which set the "ground rules" for how the grand jury conducts its proceedings, the case-specific instructions sought here reveal the deliberative process of the grand jury and go to the heart of that body's function.  Nor does the claim advanced by defendants Venegas and Hernandez, who entered plea agreements in CR 14-0120 EMC, set forth a basis for the request.  They entered guilty pleas to certain charges, which have not been reproduced.  Now they are being prosecuted for a VICAR murder and an associated Section 924(j) charge; these fall within the carve-out language quoted above.

*Compromise Proposal:*
For this request, the government does not offer a compromise position.  There is no basis for production of transcripts of case-specific instructions to the defense with a protective order.  The defendants have not even established a reason for the Court to undertake an *in camera* review of such transcripts.

## 2. Grand Jury Witness Testimony

A transcript of the witness testimony during the grand jury proceedings should be provided to the defense.  ECF No. 252, Request 3.  The government opposes this request.  Defendant Michael Rebolledo's case is similar to another death penalty case, *United States v. Rodriguez*, 380 F.Supp. 2d 1041, 1059 (D. N. Dakota 2005), in which the district court ordered the discovery of grand jury testimony because the capital defendant was entitled to "a fair opportunity to develop his defense, including acquiring impeachment and/or exculpatory information, and to prepare for the possible penalty phase of the trial, including gathering information for impeachment purposes and to test the credibility of the grand jury witnesses."

In addition, disclosure will allow the defense to assess whether unfair or improper prosecutorial conduct occurred before the grand jury, which would warrant dismissal of the indictment.  The defense has proposed a compromise in which the transcripts be released with a protective order or, alternatively, that this Court review the transcripts *in camera* to determine what portion of the transcripts should be released to the defense.

Government Response:

*Unresolved Issue:*
The defense seeks immediate production of grand jury transcripts of witnesses before the grand jury. The government opposes this request.

*Government Position:*
The defense fails to provide the "strong showing" needed to overcome the presumption of regularity in grand jury proceedings in returning the facially valid indictment. ECF No. 281, at 20-21. Defendants provide no specific facts suggesting severe misconduct that jeopardized the independence of the grand jury; they offer only speculation that misconduct occurred. *Id*. 22. Defendant Rebolledo's desire to determine the record as to mitigation fails to acknowledge the grand jury's role – to determine probable cause for the essential elements of all charged offenses. This case is not at all like *Rodriguez*; it alleges a multi-defendant racketeering enterprise, multiple murders, and witness safety concerns raised by the gang's program of retaliation against members who violate gang rules. The government notes that it has already committed to providing Jencks statements (including grand jury transcripts of its trial witnesses) well in advance of trial. *Id*. 26.

*Compromise Proposal:*
The government is willing to produce the transcripts of grand jury testimony of its witnesses before trial on the timeline suggested in ECF No. 281: one month before trial for cooperating defendant-witnesses, and six months for other witnesses.

### B. ECF No. 253

#### 1. AO-11 Juror Utilization Reports

The defense has requested AO-11 juror utilization reports, ECF No. 253, Request 2(b), which the government opposes. These reports may contain demographic information relating to the grand jury. The defense has offered a compromise position whereby the Jury Administrator be directed to review the AO-11 reports to determine if they contain any demographic information about the grand jurors. Any demographic information in the reports should then be disclosed.

Government Response:

*Unresolved Issue:*
The defense seeks any AO-11 juror utilization report pertaining to 2017-2018. The government opposes this request.

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 6

*Government Position:*
As District Judge Chen found in the *Nelson* case, AO-11 reports "do not contain demographic information and therefore would not assist" defendants in preparation of their challenge to the composition of jury lists. *See* ECF No. 281, at 11.

*Compromise Proposal:*
No compromise proposal suggests itself, as the requested materials are not shown to contain demographic information (which is the basis for the request in the first place).

## 2. Reports Regarding Selection of Grand Jurors

The defense has requested "records, reports, files, written procedures, and memoranda demonstrating compliance with requirement of random selection of a fair cross-section." ECF No. 253 Request 2(c). The government opposes this request. The defense believes that these materials are relevant to its investigation of whether the grand jury that indicted the defendants was randomly selected from a fair cross-section of the community. The defense has proposed a compromise whereby the Court orders the Jury Administrator to provide an updated declaration, explaining the process of creating jury wheels and qualifying jurors in this district and to identify the types of records that are available with respect to the indicting grand jury. The defense believes that more than 15 years have passed since the Clerk's office last submitted a declaration to the Court describing this process.

Government Response:

*Unresolved Issue:*
The defense seeks a range of records "demonstrating how the Court complied with the requirement" of random selection of a fair cross-section. The government opposes this request as framed.

*Government Position:*
The government's objection is based on the open-ended phrasing of the request. The government respectfully submits that District Judge Chen's order in *Nelson* sets a workable standard: "manuals or other documents describing the grand-jury selection process and the creation of the master and qualified wheels." ECF No. 281, at 11.

*Compromise Proposal:*
The government believes that the narrowing of defendants' request as suggested above strikes the appropriate balance. However, if the Court feels that it is necessary to require the Jury Administrator to provide an updated declaration explaining the process of creating jury wheels and qualifying jurors, and identifying the types of records available for the indicting grand jury (17-1), the government does not object.

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 7

### 3. Records Regarding Grand Jury Forepersons

The defense has requested records "describing the method by which grand jury forepersons involved in returning the indictment were selected." ECF No. 253, Request 2(d). The government opposes the request. Those records are ministerial in nature as they relate to procedural aspects of the grand jury rather than the substance of the grand jury investigation, and therefore may be disclosed. The defense compromise position is that the Court initially review the records *in camera* and redact information, if any, relevant to the substance of the grand jury investigation.

Government Response:

*Unresolved Issue:*
The defense seeks records describing the method by which grand jury forepersons were selected. The government opposes this request.

*Government Position:*
The government opposes this request because it is unrelated to proffered justification (preparation for a challenge to the composition of the grand jury.) ECF No. 281, at 11.

*Compromise Proposal:*
No compromise proposal suggests itself. The defense fails to establish why the Court should undertake an *in camera* review of records with an eye to determining what redactions may be necessary.

### 4. Records Regarding the Extension of the Grand Jury Term

The defense has requested "all orders reflecting the beginning or extension of the [grand jury's] term." ECF No. 253, Request 2(e). The government opposes the request. Those records are ministerial in nature as they relate to procedural aspects of the grand jury rather than the substance of the grand jury investigation, and therefore may be disclosed. The defense compromise position is that the Court initially review the records *in camera* and redact information, if any, relevant to the substance of the grand jury investigation.

Government Response:

*Unresolved Issue:*
The defense seeks discovery of all orders reflecting the beginning or extension of the grand jury's term. The government opposes this request.

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 8

*Government Position:*
The request is redundant with the defense request in ECF No. 252, at 2. The government has no objection to the defense request for the beginning and ending dates of the indicting grand jury's term. The defense has not justified the expenditure of Court time to obtain orders extending the grand jury, and to review them for information that must be redacted as relevant to the substance of the grand jury.

*Compromise Proposal:*
The Court should order disclosure to the defense of the beginning and ending dates of the indicting grand jury (taking into account any extension).

## II.  ECF Nos. 251, 264, 279 (Defendant Rebolledo's (and Aguilar's) Motions)

Mr. Rebolledo filed two motions seeking discovery: Motion to Compel Discovery, ECF No. 255, and Supplement to Motion to Compel Discovery, ECF No. 279. Mr. Aguilar also filed a discovery motion seeking the same information regarding the two incidents in which he was allegedly involved (March 14, 2006, and September 29, 2007, ECF No. 264). Most of the issues raised in these pleadings have not been resolved.[1] The defense motions should be granted because they seek *Brady* material, i.e., the identities and location information of witnesses and victims, who made statements to law enforcement that either directly exculpated Mr. Rebolledo or Mr. Aguilar, or would likely lead to exculpatory information, and the identities and location information of alternative suspects. The defense compromise position is that the requested discovery be disclosed with a protective order that will ensure safety of the persons identified in the discovery.

Government Response:

*Unresolved Issue:*
At issue in this subsection are the defense discovery motions (ECF Nos. 251, 264, 279) filed by Defendants Rebelledo and Aguilar that seek information regarding the identities of, and contact information for, civilian witnesses to the murders with which Defendants Rebolledo and Aguilar are substantively charged. The government opposes these requests at this time.

*Government Position:*

---

[1] The government agreed it would, if it could, produce the 911 calls, but they no longer existed, and agreed to produce the medical records of murder and attempted murder victims but those have not yet been received by the defense.

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 9

The government agrees that Defendants Rebolledo and Aguilar must and will have the information discussed in these motions. At issue is *when* the government should be required to turn over this information, given the witness safety concerns associated with turning over civilian witness (and cooperator) information in a case of this nature.

As the government has previously argued, there are compelling, case-specific reasons to believe that early disclosure of civilian (and cooperator) identities and contact information will pose a significant risk to witness safety. ECF No. 280, at 19-29. In particular, the government refers to paragraphs 6, 9, 10, and 11 of the Indictment (ECF No. 1), which summarize the ways in which the 19th Street/16th Street Sureños enforce gang rules and engage in acts of violence, particularly against individuals who cooperate with law enforcement. The government has previously discussed specific instances of members of this criminal enterprise discussing harming witnesses or "snitches." ECF No. 280, at 26-29.

*Compromise Proposal:*
The government's proposed disclosure schedule (six months before trial for civilian witnesses, one month before trial for cooperating gang insiders) is the schedule that, in the government's view, fairly balances the defendants' need to prepare for trial with the government's need to ensure witness safety. The government respectfully submits that disclosure of civilian witness identities and contact information at an earlier time, even subject to a protective order, presents an unacceptable risk to witness safety.

### III.   ECF No. 365 (Defendant Venegas's Motion)

Mr. Venegas filed a motion seeking the entry of an Order directing disclosure of (1) all documents addressing any knowledge or information that Mario Serrano, Marvin Cortez, Carlos Vasquez, Miguel Ortiz, and/or Antonio Castillo have or purport to have with respect to the March 30, 2013 homicide charged in Counts 14 and 15 of the Indictment; (2) the housing records from the Alameda County Jail (including Glenn Dyer Jail and Santa Rita Jail) from March 6, 2014 through the present day for Mario Serrano, Marvin Cortez, Carlos Vasquez, Miguel Ortiz, and Antonio Castillo; and (3) any transport records for Mario Serrano, Marvin Cortez, Carlos Vasquez, Miguel Ortiz, and Antonio Castillo possessed by the United States Marshal's Service and any/other state, local, or federal agency that has participated in or is participating in this investigation and/or prosecution, for the time period March 6, 2014 through the present day. ECF No. 365.

The government opposes disclosure because it asserts (but does not sustain its contention) that only Jencks Act materials are responsive to the first category of requested materials, and further asserts (and does not sustain) that documents responsive to categories two and three would disclose cooperator testimony, which it

won't. Mr. Venegas will address the Government's errant contentions in his reply brief, which is scheduled to be filed on July 15.

Government Response:

*Unresolved Issue:*
At issue in this subsection is a discovery motion filed by Defendant Venegas (ECF No. 365) that seeks information regarding the statements, housing information, and transport information for five named individuals. The government opposes these requests at this time.

*Government Position:*
The government recently responded to this motion. ECF No. 374 (filed July 8, 2021). As stated in that response, the government agrees that Defendant Venegas must and will have the information discussed in his motion. At issue is *when* the government should be required to turn over this information, given the witness safety concerns and the practical effect of the requested disclosures (confirming or denying whether particular individuals are cooperating gang insiders).

As the government has previously argued, there are compelling, case-specific reasons to believe that early disclosure of civilian (and, in particular, cooperator) identities and contact information will pose a significant risk to witness safety. ECF No. 280, at 19-29. In particular, the government refers to paragraphs 6, 9, 10, and 11 of the Indictment (ECF No. 1), which summarize the ways in which the 19th Street/16th Street Sureños enforce gang rules and engage in acts of violence, particularly against individuals who cooperate with law enforcement. The government also refers to the particular danger posed by Defendant Venegas, given specific admissions he has made in a prior plea agreement. *See* ECF No. 374, at 3-4.

The government notes that, in his section of the joint letter above, Defendant Venegas mischaracterizes the government's contentions in ECF No. 374, which speak for themselves.

*Compromise Proposal:*
The government's proposed disclosure schedule (one month before trial for any individual named in Defendant Venegas' motion, if any such individual is a cooperating gang insider) is the schedule that, in the government's view, fairly balances the defendants' need to prepare for trial with the government's need to ensure witness safety. The government respectfully submits that earlier disclosure, even subject to a protective order, presents an unacceptable risk to witness safety.

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 11

### IV.  ECF No. 265 (Defendant Gallardo's Motion)

Mr. Gallardo filed a motion for discovery pertaining to the February 28, 2009, homicide including identities and locations of eyewitnesses and alleged victim.  ECF No. 265.  The issues raised in that motion remain unresolved.  The motion should be granted because it seeks *Brady* material, i.e., the identities and location information of witnesses and victims, who made statements to law enforcement that may directly exculpate the defendant(s), or would likely lead to exculpatory information, and the identities and location information of alternative suspects.  The defense compromise position is that the requested discovery be disclosed with a protective order that will ensure safety of the persons identified in the discovery.

Government Response:

*Unresolved Issue:*
At issue in this subsection is the discovery motion filed by Defendant Gallardo (ECF No. 265), which seeks information regarding the identities of, and contact information for, civilian witnesses to the murder in which Defendant Gallardo is substantively charged.  The government opposes these requests at this time.

*Government Position:*
The government agrees that Defendant Gallardo must and will have the information discussed in his motions.  At issue is *when* the government should be required to turn over this information, given the witness safety concerns associated with turning over civilian witness information in a case of this nature.  The government incorporates by reference its position regarding witness safety, discussed in Section II, *infra*.

*Compromise Proposal:*
The government's proposed disclosure schedule (six months before trial for civilian witnesses, one month before trial for cooperating gang insiders) is the schedule that, in the government's view, fairly balances the defendants' need to prepare for trial with the government's need to ensure witness safety.  The government respectfully submits that disclosure of civilian witness identities and contact information at an earlier time, even subject to a protective order, presents an unacceptable risk to witness safety.

### V.  ECF No. 266 (Defendant Hernandez's Motion)

Mr. Hernandez filed a motion for discovery pertaining to the March 30, 2013, homicide including the identity and location of eyewitnesses and the alleged victim and information related to Aldo Trancoso.  The issues raised in that notion remain unresolved.  The motion should be granted because it seeks *Brady* material, i.e., the

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 12

identities and location information of witnesses and victims, who made statements to law enforcement that may directly exculpate the defendant(s), or would likely lead to exculpatory information, and the identities and location information of alternative suspects. The defense compromise position is that the requested discovery be disclosed with a protective order that will ensure safety of the persons identified in the discovery.

Government Response:

*Unresolved Issue:*
At issue in this subsection is the discovery motion filed by Defendant Hernandez (ECF No. 266), which seeks information regarding the identities of, and contact information for, civilian witnesses to the murder in which Defendant Hernandez is substantively charged. The government opposes these requests at this time.

*Government Position:*
The government notes that it has recently spoken with counsel for Mr. Hernandez and agreed to produce requested information other than the identities of and contact information for civilian witnesses.

Regarding the identities of and contact information for civilian witnesses, the government agrees that Defendant Hernandez must and will have the information discussed in his motions. At issue is *when* the government should be required to turn over this information, given the witness safety concerns associated with turning over civilian witness information in a case of this nature. The government incorporates by reference its position regarding witness safety, discussed in Section II, *infra*.

*Compromise Proposal:*
The government has compromised with Mr. Hernandez to the extent possible, by agreeing to produce requested information other than the identities of and contact information for civilian witnesses. Regarding that information, however, the government's proposed disclosure schedule (six months before trial for civilian witnesses, one month before trial for cooperating gang insiders) is the schedule that, in the government's view, fairly balances the defendants' need to prepare for trial with the government's need to ensure witness safety. The government respectfully submits that disclosure of civilian witness identities and contact information at an earlier time, even subject to a protective order, presents an unacceptable risk to witness safety.

### VI.   ECF No. 267 (Defendant Urbina's Motion)

Mr. Urbina filed a motion for discovery pertaining to the September 4, 2008, homicide including the identity and location of eyewitnesses. ECF No. 267-1. The issues raised in that motion remain unresolved. The motion should be granted because it seeks *Brady* material, i.e., the identities and location information of witnesses and victims, who made statements to law enforcement that may directly exculpate the defendant(s), or

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 13

would likely lead to exculpatory information, and the identities and location information of alternative suspects. The defense compromise position is that the requested discovery be disclosed with a protective order that will ensure safety of the persons identified in the discovery.

Government Response:

*Unresolved Issue:*
At issue in this subsection is a discovery motion filed by Defendant Urbina (ECF No. 267), which seeks information regarding the identities of, and contact information for, civilian witnesses to the murder in which Defendant Urbina is substantively charged. The government opposes these requests at this time.

*Government Position:*
The government agrees that Defendant Urbina must and will have the information discussed in his motions. At issue is *when* the government should be required to turn over this information, given the witness safety concerns associated with turning over civilian witness information in a case of this nature. The government incorporates by reference its position regarding witness safety, discussed in Section II, *infra*.

*Compromise Proposal:*
The government's proposed disclosure schedule (six months before trial for civilian witnesses, one month before trial for cooperating gang insiders) is the schedule that, in the government's view, fairly balances the defendants' need to prepare for trial with the government's need to ensure witness safety. The government respectfully submits that disclosure of civilian witness identities and contact information at an earlier time, even subject to a protective order, presents an unacceptable risk to witness safety.

Sincerely,

Martha Boersch
Attorney for JONATHAN AGUILAR

*/s/ Mark Goldrosen*
MARK GOLDROSEN
PAMELA J. HERZIG
DONALD R. KNIGHT
AMY P. KNIGHT
Attorneys for Defendant MICHAEL REBOLLEDO

Hon. Chief Magistrate Judge Spero
July 14, 2021
Page 14


/s/ Harris B. Taback
HARRIS B. TABACK
Attorney for Defendant ORLANDO HERNANDEZ

/s/ Julia M. Jayne
JULIA M. JAYNE
Attorney for Defendant JUAN CARLOS GALLARDO

/s/George C. Boisseau
GEORGE C. BOISSEAU
Attorney for Defendant MARIO REYES

/s/James S. Thomson
JAMES S. THOMSON
/s/ Shaffy Moeel
SHAFFY MOEEL
Attorneys for Defendant EDDY URBINA

/s/ Ethan A. Balogh
ETHAN A. BALOGH
Attorney for Defendant WESTON VENEGAS



STEPHANIE M. HINDS
Acting United States Attorney


/s/ Andrew M. Scoble
ANDREW M. SCOBLE
RICHARD EWENSTEIN
Assistant United States Attorneys